**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 15-CV-80505 RYSKAMP/HOPKINS

HARRY ROTHENBERG, Individually and on Behalf of
Others Similarly Situated and Derivatively on Behalf of
Nominal Defendant Imperial Holdings Inc.,

      Plaintiff,

vs.

PHILLIP F. GOLDSTEIN, ANDREW DAKOS,
ANTONY MITCHELL, JAMES M. CHADWICK,
RICHARD DAYAN, MICHAEL A. CROW, and
GERALD HELLERMAN,

      Defendants,

vs.

IMPERIAL HOLDINGS, INC.,

      Nominal Defendant.

_____/

**DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT**

Defendants, through their undersigned counsel, respectfully move the Court to dismiss Plaintiff's Amended Complaint (Dkt. 15) for lack of subject matter jurisdiction due to lack of injury in fact and ripeness and failure to state a claim pursuant to Federal Rule of Civil Procedure 12. Unlike the Imperial Holdings, Inc. shareholders who voted 75% to 25% in favor of Imperial's bylaw requiring a shareholder to obtain the consent of holders of 3% of outstanding shares before bringing a claim on behalf of other shareholders in a class action or on behalf of the company in a derivative action ("Bylaw"), Plaintiff Harry Rothenberg does not like the Bylaw and voted against it. But not liking a Bylaw does not give him standing to sue, as he has

no ripe claim that the Bylaw prevents him from pursuing. For this reason and the other reasons set forth below, Plaintiff's entire Amended Complaint should be dismissed.

What Plaintiff really wants is an advisory opinion on the Bylaw. Plaintiff initially sued in state court, primarily for a declaration that the Bylaw is invalid, but he admitted that he did "not know what claims" the Bylaw might block him or other shareholders from pursuing. (*See* Notice of Pending, Refiled, Related or Similar Actions ("Notice of Refiling"), Dkt. 19 Ex. 1 ¶ 39.) Defendants moved to dismiss that lawsuit for lack of ripeness and injury. (*Id.* Ex. 2.) Plaintiff then voluntarily dismissed that suit and tried to remedy his ripeness problem by refiling in this Court and adding shareholder derivative claims against Imperial's directors (but without first making a demand as Florida law requires), based on a pending IRS investigation and pending litigation against Imperial that Plaintiff says "*could be* grounds for future representative litigation" against the directors, as the "IRS *may* be investigating" conduct that "*may* result in the Company" incurring injury because it is "*potentially* liable for unpaid federal excise taxes." (Am. Compl. (Dkt. 15) ¶¶ 16(k), 3, 31, 18.)[1]

In *Loftin v. KPMG LLP*, No. 02-81166-CV-Ryskamp/ Vitunac, 2002 U.S. Dist. LEXIS 26909 (S.D. Fla. Dec. 10, 2002), this Court dismissed claims as unripe because a pending IRS investigation had not concluded with any penalty or injury. For the same reason, the Court should dismiss Plaintiff's claims as unripe. The pending investigation and litigation have not resulted in Imperial incurring injury or any finding of wrongdoing by Imperial or any other Defendant. And, there is no injury in fact to the putative class resulting from shareholder approval of the Bylaw, so the adequacy of Imperial's proxy disclosure does not present a justiciable claim. In short, the mere existence of the Bylaw does not constitute an injury in fact.

---

[1] Unless otherwise noted, all emphasis in this memorandum is supplied.

In addition to the lack of ripeness, the Amended Complaint fails to state a claim with the particularity required by the Private Securities Litigation Reform Act ("PSLRA").  Dismissal of Plaintiff's § 14(a) claim is required because Plaintiff has not pleaded and cannot plead that the proxy disclosure or advisory shareholder vote was an essential link in causing a concrete injury. Nor can Plaintiff establish the materiality of any alleged omission or misleading statement because Imperial voluntarily distributed Plaintiff's opposition statement informing shareholders of the same alleged omissions and misleading statements he asserts in his Amended Complaint. Also, Plaintiff does not adequately plead a false or misleading statement in the proxy disclosure and why it was false or misleading, as the PSLRA requires.  Because Plaintiff has not pleaded a § 14(a) claim, he necessarily cannot plead a § 20(a) claim, and the remaining state law claims should be dismissed as well.

## BACKGROUND[2]

Imperial is a Florida corporation doing business in the life settlement industry, with headquarters in Boca Raton.  (Am. Compl. ¶ 23.)  On November 3, 2014, Imperial announced that the Board adopted the Bylaw, which provides as follows:

> Except where a private right of action at a lower threshold than that required by this bylaw is expressly authorized by applicable statute, a current or prior shareholder or group of shareholders (collectively, a "Claiming Shareholder") may not initiate a claim in a court of law on behalf of (1) the corporation and/or (2) any class of current and/or prior shareholders against the corporation and/or against any director and/or officer of the corporation in his or her official

---

[2] The alleged facts recited herein are from the Amended Complaint and are assumed to be true solely for the purposes of this Motion, or from the Form 14A proxy statements filed by Imperial with the SEC on April 8 and April 10, 2015 (the "Proxy," attached as Exhibits 1 and 2 to the Declaration of Lawrence J. Dougherty filed herewith) or other SEC filings referenced in the Amended Complaint.  Referencing SEC filings in the Amended Complaint incorporates them by reference, and this Court may consider them on a motion to dismiss.  *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1279 (11th Cir. 1999).  Moreover, the Court may take judicial notice of SEC filings pursuant to Federal Rule of Evidence 201.  *Bryant*, 187 F.3d at 1278.

3

>     capacity, unless the Claiming Shareholder, no later than the date the claim is asserted, delivers to the Secretary written consents by beneficial shareholders owning at least 3% of the outstanding shares of the corporation as of (i) the date the claim was discovered (or should have been discovered) by the Claiming Shareholder or (ii), if on behalf of a class consisting only of prior shareholders, the last date on which a shareholder must have held shares to be included in the class.

(*Id.* ¶ 32.)

On January 20, 2015, Plaintiff filed a complaint in Palm Beach County Circuit Court, primarily seeking a declaration that the Bylaw is invalid and an injunction against enforcing it. (Notice of Refiling, Dkt. 19 Ex. 1.)[3] Plaintiff conceded in his initial state court complaint that he and other shareholders did "not know what claims" the Bylaw might restrict. (*Id.* ¶ 39.) On March 2, 2015, Defendants filed a motion to dismiss the state court lawsuit on the basis that Plaintiff had not pleaded any injury in fact and that his lawsuit was unripe, among other grounds. (Notice of Refiling, Ex. 2.)[4]

On April 8, 2015, Imperial filed its definitive proxy materials for its annual shareholder meeting. (Am. Compl. ¶ 12; Dougherty Decl. Ex. 1.) On April 10, 2015, Imperial voluntarily distributed Plaintiff's opposition statement to all shareholders. (Am. Compl. ¶ 16 n.4.)[5] In his

---

[3] Although Local Rule 3.8 does not specify whether it requires giving the Court notice of the refiling of state court actions, Defendants do so here because Plaintiff did not file such a notice with this Court, nor did he mention his state court case as a related or refiled case, either in his civil cover sheet (Dkt. 1-3) or in his Complaint in this Court (Dkt. 1).

[4] Defendants also filed a Motion to Strike the Complaint's References to Released Claims in state court (Notice of Refiling, Ex. 3), because Plaintiff released any claims relating to the "currently" pending SEC investigation that he again references in this case. (Am. Compl. ¶ 2.) Any claims based on the pending SEC investigation are unripe for the same reasons claims based on the IRS investigation and litigation are unripe, as set forth below.

[5] As set forth in the SEC filing Plaintiff references in his Amended Complaint, prior to distributing Imperial's proxy materials, Imperial's Board of Directors invited Rothenberg to submit a statement in opposition to the Bylaw, which he declined to do. On April 9, 2015, one day after the Company had filed and mailed its proxy materials, Rothenberg's attorneys

4

opposition statement, Plaintiff described the same alleged misleading statements and much of the same alleged "essential information" that he now claims shareholders did not know when they voted on the Bylaw.  (*Compare* Am. Compl. ¶¶ 58–77, *with* Dougherty Decl. Ex. 2.)

On April 20, 2015, Plaintiff filed a Complaint in this Court, which added §§ 14(a) and 20(a) claims and new state law shareholder derivative claims to the claims he brought in state court.  (Dkt. 1 ¶¶ 106–121, 145–160.)  Plaintiff then voluntarily dismissed his state court lawsuit. (Notice of Refiling, Dkt. 19 Ex. 4.)

Plaintiff did not file a motion for a preliminary injunction to enjoin the shareholder vote, either in state court or in this action.  On May 28, 2015, Imperial held its annual shareholder meeting.  (Am. Compl. ¶ 16.)  Of those who participated in the advisory vote on the Bylaw, approximately 75% of the votes cast by shareholders were in favor of the Bylaw, with approximately 25% of the votes cast against it.[6]

On June 9, 2015, Plaintiff filed the instant Amended Complaint in this Court, in which he asserts ten claims.  Count I alleges a violation of § 14(a) of the Securities Exchange Act and SEC Rule 14a-9.  Count II alleges a related count of § 20(a) control person liability.  Count III seeks a declaration that the Bylaw is invalid.  Counts IV through VI seek injunctive relief for alleged state law breaches of fiduciary duty and *ultra vires* acts in enacting the Bylaw.  Counts VII through X allege state law derivative claims on behalf of Imperial against five Imperial directors

---

requested that the Company distribute Rothenberg's opposition statement to all shareholders, which Imperial did.  (Dougherty Decl. Ex. 2 at 2.)

[6] Plaintiff alleges "over 33%" of shareholders voted against the Bylaw (*id.*), but the SEC filing from which he presumably derived this information shows that his math is wrong – the vote was 12,047,397 in favor and 4,104,380 against, or about 75% in favor and 25% against, among those who voted on the Bylaw.  (Dougherty Decl. Ex. 3 (May 28, 2015 8-K) at 3.)

5

for breach of fiduciary duty, abuse of control, gross mismanagement, and waste, based on the pending IRS investigation and private litigation.

## ARGUMENT

I.  **THE COURT SHOULD DISMISS ALL CLAIMS BECAUSE PLAINTIFF CANNOT ESTABLISH ANY INJURY IN FACT, AND HIS CLAIMS ARE NOT RIPE**

To establish standing to challenge the Bylaw, Plaintiff needs to allege an injury in fact, i.e., (a) a ripe derivative or class action claim which (b) the Bylaw is blocking him from bringing. Plaintiff has no such ripe claim, let alone that the Bylaw is blocking him from bringing; therefore his lawsuit should be dismissed for lack of a ripe injury in fact.

   A.  **Plaintiff Cannot Establish A Ripe Injury In Fact**

Any claim based on a pending IRS investigation that has not resulted in any penalty or damages to Imperial or any finding of wrongdoing is unripe and does not establish an injury in fact. Plaintiff bases his claim of injury on an IRS investigation that Plaintiff concedes is still "ongoing" (Am. Compl. ¶¶ 6, 17), and on private ongoing litigation Plaintiff says involves the same conduct that Plaintiff speculates the IRS "may be" investigating, which "could be grounds for future representative litigation." (Am. Compl. ¶¶ 16(k), 60.) No injury to Imperial or its shareholders can possibly occur before the IRS investigation or the litigation concludes and results in a finding of wrongdoing that triggers a penalty or other injury. Without any actual or imminent injury, any claim based on such investigation or litigation is unripe and should be dismissed.

"[A]ctual or imminent injury" is part of the "irreducible constitutional minimum of standing under Article III." *Swann v. Sec'y, State of Ga.*, 668 F.3d 1285, 1288 (11th Cir. 2012) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)); *see also Clapper v.*

6

*Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013) (holding that allegations of "*possible* future injury" do not suffice) (emphasis in original). To have standing in federal court, a plaintiff must have suffered "actual injury resulting from the putatively illegal action." *E.F. Hutton & Co. v. Hadley*, 901 F.2d 979, 984 (11th Cir. 1990) (holding that injury cannot be "conjectural or hypothetical").

This Court has previously dismissed claims for lack of injury and ripeness because a complained-of IRS investigation was still pending and had not imposed any penalty or injury. *Loftin*, 2002 U.S. Dist. LEXIS 26909, at *24–25. In *Loftin*, a taxpayer sued his former accountants and former lawyers for breach of fiduciary duty, fraud, and malpractice, alleging that bad advice about a tax shelter had resulted in an IRS investigation. *Id.* at *8–9. The taxpayer claimed his injury was his intention to settle any tax assessment and penalty that the IRS would later impose. *Id.* at *24. This Court rejected that argument, holding that the former client's claims were "premature" because he "has not established that he suffered any injury stemming from Defendants' alleged misconduct." *Id.* at *23–25. "Until and unless Loftin and the IRS reach a final resolution of the dispute, it is impossible to determine whether Loftin actually suffered damages from Defendants' alleged misconduct." *Id.* at *24. "Consequently, Loftin has failed to allege that he has suffered an actual injury from the alleged misconduct and therefore lacks standing to bring his claims." *Id.* at *24–25. This Court therefore dismissed all of Loftin's claims, including claims for breach of fiduciary duty and alleged misrepresentations. *Id.* at *25–29 (citing *Bowen v. First Family Fin. Servs., Inc.*, 233 F.3d 1331, 1339–40 (11th Cir. 2000) (holding that plaintiff must show actual injury; failure to do so deprives the federal judiciary of subject matter jurisdiction)).

Just as in *Loftin*, the pendency of an IRS investigation of Imperial does not confer standing on Plaintiff unless and until it concludes in the imposition of a penalty or other injury or a finding of wrongdoing is made.  The same goes for the pending private litigation Plaintiff cites (Am. Compl. ¶ 60) – without a verdict, settlement, or other resolution, there is no injury in fact and hence, no standing.  And regardless of whether the alleged tax violations Plaintiff asserts (Am. Compl. ¶¶ 78–100) fall within the scope of the pending investigation or litigation, Plaintiff has not pleaded that any of these alleged violations have actually resulted in any adverse tax findings, penalties, or other injury, nor could he so plead.  Therefore, all of Plaintiff's derivative claims (Counts VII, VIII, IX, and X) should be dismissed as unripe.

Because Plaintiff cannot establish injury in fact from a ripe claim that the Bylaw is blocking him from pursuing, his claims challenging the Bylaw (Counts III, IV, V, and VI) should be dismissed as well.  Plaintiff's mere dislike of the potential effect of the Bylaw on unripe claims is not a cognizable injury in fact.  The Eleventh Circuit has warned courts against issuing advisory opinions and "entangling themselves in abstract disagreements." *Pittman v. Cole*, 267 F.3d 1269, 1278 (11th Cir. 2001).  Although it is doubtful whether a Bylaw with an explicit carve-out so that it does not apply when inconsistent with applicable statute could possibly be "inconsistent with law" in all circumstances (Am. Compl. ¶ 44), that is a question for another day, if and when Plaintiff has a ripe claim that the Bylaw might allegedly block him from bringing.

Plaintiff's federal class action claims (Counts I and II) likewise fail for lack of a ripe injury.  The advisory shareholder vote and the proxy statement circulated before the vote caused no injury in fact.  The advisory vote did not create the Bylaw; the Board's vote last year did. (Am. Compl. ¶ 6.)  Because the Bylaw became effective upon its approval by the Board, the

8

advisory shareholder vote did not bind Plaintiff to abide by the Bylaw any more than he was bound to do so before the shareholder vote. The proxy statement and the ensuing advisory shareholder vote were not an essential link in causing any harm, which is an additional reason to dismiss, as set forth in Section II.A below.

### B. Even If Plaintiff Had A Ripe Substantive Claim, He Will Not Suffer Injury Unless And Until He Tries And Fails To Get The Minimum Shareholder Consent And Is Therefore Blocked From Suing By The Bylaw

The absence of a ripe substantive derivative or class claim alone requires dismissal. In addition, even if Plaintiff had such a ripe claim, Plaintiff has not yet tried to seek the support of holders of 3% of Imperial shares to bring any such claim. If shareholders owning at least 3% of the Company's outstanding shares support Plaintiff's claims, then the Bylaw will have been satisfied, and it will not have caused any injury. Unless and until Plaintiff tries and fails to get 3%, and is therefore blocked from suing by the Bylaw, he has suffered no injury from the Bylaw. Plaintiff asserts that obtaining the 3% consent is "insurmountable." (Am. Compl. ¶¶ 7, 37.) While it should not be assumed that all of the shareholders voting against the Bylaw necessarily would consent to a lawsuit, Plaintiff does not know if he will fail to get 3% until he tries. Until then, he has not been injured by the Bylaw, which is a second, independent reason for dismissal.

### C. Plaintiff's Derivative Claims Also Are Not Ripe Because He Has Not Made A Demand, And Florida Is A Universal-Demand State (Counts VII–X)

Plaintiff concedes he "has not made a pre-filing demand" on the Board prior to filing his derivative claims. (Am. Compl. ¶ 114.) As Plaintiff correctly alleges, Imperial is incorporated in Florida (Am. Compl. ¶ 23), and Federal Rule of Civil Procedure 23.1 requires the Court to look to the underlying state of incorporation's law regarding the requirement of serving a demand on the Board before filing a derivative action. *Kamen v. Kemper Fin. Servs.*, 500 U.S. 90, 108–09 (1991). As the Supreme Court stated in *Kamen*, Florida is a "universal-demand"

9

state, *id.* at 102 n.7, and there is no futility exception.  Fla. Stat. § 607.07401(2).  Plaintiff's failure to make a demand therefore is an additional reason to dismiss all of his derivative claims. *See, e.g.*, *Noah Techs., Inc. v. Rice*, Case No. 2:14-cv-325-FtM-29DNF, 2014 U.S. Dist. LEXIS 161548, at *8–9 (M.D. Fla. Nov. 18, 2014) (citing *Kamen* and granting motion to dismiss, stating that "[f]ailure to make the required demand is an absolute bar to filing a derivative action against a Florida corporation").[7]

### D. Further Amending The Complaint Cannot Cure The Lack Of Injury

Because Plaintiff cannot establish any ripe injury, he cannot cure that fatal flaw by seeking leave to further amend the Amended Complaint.  Therefore, the Court should dismiss the Amended Complaint and close this case.

## II. THIS CASE ALSO SHOULD BE DISMISSED BECAUSE THE AMENDED COMPLAINT FAILS TO STATE ANY FEDERAL CLAIM

### A. Plaintiff Cannot Possibly Plead That The Proxy Statement Or Advisory Shareholder Vote Was An Essential Link In Causing An Injury

In *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 385 (1970), the Supreme Court required a shareholder seeking to bring an implied § 14(a) private right of action to show that the proxy statement was an "essential link" in the accomplishment of the allegedly harmful transaction at issue, in order to establish injury and causation of that injury.  *Id.*; *accord Virginia Bankshares v. Sandberg*, 501 U.S. 1083, 1099 (1991).  Plaintiff cannot meet this burden, because as stated above, the Bylaw bound Plaintiff from the moment of its approval by the Board, and neither the proxy statement nor the advisory shareholder vote caused any additional burden on Plaintiff or

---

[7] Even if Florida law permitted a demand futility exception, Plaintiff's derivative claims do not come close to pleading specific facts sufficient to excuse his failure to make a demand. *See, e.g.*, *Wood v. Baum*, 953 A. 2d 136, 142–44 (Del. 2008) (affirming dismissal because "the Complaint alleges many violations of federal securities and tax laws but does not plead with particularity the specific conduct in which each defendant 'knowingly' engaged, or that the defendants knew that such conduct was illegal," among other grounds for dismissal).

any other shareholder. In fact, the Board was not required to hold a shareholder vote. Because Plaintiff cannot possibly plead causation of injury, Plaintiff's § 14(a) claim should be dismissed with prejudice. *See Liang v. Berger*, C.A. Nos. 13-cv-12816-IT *et al.*, 2015 U.S. Dist. LEXIS 28356, at *27 (D. Mass. Mar. 9, 2015) (dismissing § 14(a) claim, holding that because the shareholder vote was advisory and was not required, "the amended complaint does not sufficiently allege such a causal link between the proxy statement and . . . alleged injury") (citing *Virginia Bankshares*, 501 U.S. at 1089, 1105). No amount of re-pleading can make the advisory shareholder vote an essential link in causing any harmful transaction or other injury in fact. Therefore, Plaintiff's § 14(a) claim should be dismissed with prejudice.[8]

### B. Plaintiff Cannot Establish Materiality, Because Plaintiff Told Shareholders The Allegedly Omitted Facts And Alleged Misleading Statements Before The Vote

As set forth above, Imperial disseminated to shareholders before the annual meeting Plaintiff's statement setting forth the alleged omissions and misleading statements he asserts in his Amended Complaint. (*Compare* Am. Compl. ¶¶ 58–77, *with* Dougherty Decl. Ex. 2.) Therefore, Plaintiff cannot possibly establish that providing them in the Proxy would have significantly altered the total mix of information made available to shareholders – because they *were* provided. "[T]o fulfill the materiality requirement there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the total mix of information made available." *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1266 (11th Cir. 2013) (quotation omitted); *TSC Indus. v.*

---

[8] Because the vote was advisory and was not required, whether the Board may have chosen to repeal the Bylaw had a majority of voting shareholders voted against the Bylaw is irrelevant under *Virginia Bankshares*. Even where a shareholder has "substantiated a plausible claim that [defendants] would not have proceeded" without shareholder approval as in *Virginia Bankshares*, 501 U.S. at 1106 n.12, there is no causation of injury as a matter of law where the shareholder vote is not "legally required to authorize the action proposed." *Id.* at 1102.

11

*Northway, Inc.*, 426 U.S. 438, 445, 448 (1976).  That is an impossible standard to meet in this case.  This is yet another ground for dismissal of Plaintiff's § 14(a) claim.

      **C.     Plaintiff Also Fails To Satisfy The Heightened Standards Of The PSLRA By Failing To Plead A False Or Misleading Statement And Why It Is Misleading**

A § 14(a) claim is subject to the heightened pleading standards of the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Under the PSLRA, if Plaintiff alleges that the defendant "made an untrue statement of a material fact; or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading," Plaintiff must specify "each statement alleged to have been misleading," and the "reason or reasons why the statement is misleading," and "if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1); *Beck v. Dobrowski*, 559 F.3d 680, 681–82 (7th Cir. 2009).  In other words, it is not enough to merely plead an omission; the omission must have caused another statement that was actually made in the Proxy to be misleading, and Plaintiff must specify why the statements made were misleading. *See, e.g., Hysong v. Encore Energy Partners LP*, Civ. No. 11-781, 2011 U.S. Dist. LEXIS 130688, at *19 (D. Del. Nov. 10, 2011) (stating that a § 14(a)/Rule 14a-9 claimant "must identify a precise statement in the proxy that is either affirmatively misleading in and of itself, or is rendered misleading by operation of a materially omitted fact"); *Cent. Laborers' Pension Fund v. Dimon*, No. 14 Civ. 1041 (PAC), 2014 U.S. Dist. LEXIS 100874, at *14 (S.D.N.Y. July 23, 2014) (rejecting "conclusory" pleading as basis for § 14(a) claim).

Plaintiff fails to satisfy these heightened pleading burdens.  As to at least fifteen of Plaintiff's laundry list of eighteen alleged omissions, Plaintiff does not even attempt to identify any statement in the Proxy that is made misleading by the alleged omission. (Am. Compl.

¶¶ 59–62, 64, 66–73, 75–76.) And none of the remaining three are actionable. First, Plaintiff complains of Defendants' "misleading view" that "much" shareholder litigation is driven by law firms that recruit representative plaintiffs for the purpose of generating legal fees rather than to obtain meaningful redress for wrongful acts. (*Id.* ¶ 63.) But such nonspecific subjective "views" are not actionable, *see, e.g.*, *Fisher v. Kanas*, 467 F. Supp. 2d 275, 282 (E.D.N.Y. 2006), and the Proxy did not say that this describes "all" shareholder litigation, just "much" of it. Second, Plaintiff alleges that citations to other minimum shareholding requirements are "inapt" and therefore misleading (*id.* ¶ 65), but Plaintiff does not say why it is misleading to cite examples of minimum shareholdings required to nominate directors or take other actions. In fact, Plaintiff's own Amended Complaint suggests that it is relevant to the analysis of the Bylaw that a stockholder who wishes to nominate a director must hold at least 1% of outstanding stock. (Am. Compl. ¶ 34.) Third, Plaintiff complains that it was misleading for the proxy statement to describe the vote as "advisory" in the 57-page Proxy but not to repeat that on the proxy card itself (Am. Compl. ¶ 74). But Plaintiff does not explain why that was misleading. Moreover, Plaintiff told shareholders that he thought all three of these statements were misleading in his statement to shareholders (Dougherty Decl. Ex. 2), so Plaintiff cannot plead how or why shareholders could possibly have been misled by them.

Plaintiff therefore fails to satisfy the heightened pleading standards of the PSLRA, which is another basis for dismissal of his § 14(a) claim. The Court also should dismiss Plaintiff's § 20(a) claim because the alleged primary violation it depends on, the § 14(a) claim, must be dismissed. *See, e.g., Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008). And to the extent the dismissal of the § 14(a) claim is with prejudice, the dismissal of the § 20(a) claim should be with prejudice as well. Finally, because Plaintiff fails to state a federal claim,

13

the Court should decline jurisdiction over his remaining claims and should dismiss the entire case.  28 U.S.C. § 1367(c); *see, e.g., Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999).

## CONCLUSION

For the reasons set forth above, Defendants respectfully move the Court to dismiss the Amended Complaint in its entirety, close this case, and grant such other relief as the Court deems appropriate.

Dated:  June 29, 2015

Respectfully submitted,

/s/ Michael P. Matthews
Michael P. Matthews (FBN 63988)
E-mail:  mmatthews@foley.com
Secondary email:  dguillen@foley.com
Lawrence J. Dougherty (FBN 68637)
Primary email:  ldougherty@foley.com
Secondary email: lmiranda@foley.com
FOLEY & LARDNER LLP
100 North Tampa Street, Suite 2700
Tampa, Florida  33602
Telephone:  813.229.2300
Facsimile:  813.221.4210

*Attorneys for Defendants Imperial Holdings, Inc., Phillip F. Goldstein, Andrew Dakos, Antony Mitchell, James M. Chadwick, Richard Dayan, Michael A. Crow, and Gerald Hellerman*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served, by CM/ECF, on June 29, 2015 on all counsel or parties of record on the Service List below.

                                        /s/ Michael P. Matthews
                                        Attorney

**SERVICE LIST**

**Rothenberg v. Imperial Holdings, Inc., et al.**
Case 15-CV-80505 RYSKAMP/HOPKINS
**United States District Court, Southern District of Florida**

ROBBINS GELLER RUDMAN & DOWD LLP
PAUL J. GELLER
pgeller@rgrdlaw.com
STUART A. DAVIDSON
sdavidson@rgrdlaw.com
ROBERT J. ROBBINS
rrobbins@rgrdlaw.com
CHRISTOPHER C. MARTINS
cmartins@rgrdlaw.com
DOUGLAS S. WILENS
dwilens@rgrdlaw.com
120 East Palmetto Park Rd., Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
Fax: 561/750-3364

*Attorneys for Plaintiff Harry Rothenberg*

4823-2984-3749.2